ROBERT G. DREHER
Acting Assistant Attorney General
REUBEN S. SCHIFMAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone (202) 305-4224
Reuben.Schifman@usdoj.gov

Attorneys for Federal Defendants

13 DEC 18 PM 3:47

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY L. (HAYES) AGUAYO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> S.M.R. JEWELL, the Secretary of the Department of the Interior et al., <br><br> Defendants. | Case Number: 13-CV-1435-WQH-KSC <br><br> **JOINT STIPULATION AND PRIVACY ACT PROTECTIVE ORDER** |

## JOINT STIPULATION

In order to litigate this matter, the parties to the above-referenced action will need to assess information in the official files of the Department of the Interior ("DOI") relating to the decision of the Assistant Secretary - Indian Affairs, dated June 12, 2013, regarding a dispute within the Pala Band of Mission Indians concerning eligibility for tribal membership ("Decision"), including genealogical information that is protected by the Privacy Act, 5 U.S.C. § 552a. The parties wish to protect living individuals referenced in the administrative record from

JOINT STIPULATION

13-CV-1435-WQH-KSC

1

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

unwarranted invasions of personal privacy. In addition, the disclosure of some documents in the administrative record may be limited under the Freedom of Information Act, 5 U.S.C. § 552.

Accordingly, in order to address these concerns, the parties hereby STIPULATE, AGREE, and JOINTLY REQUEST that the Court, pursuant to 5 U.S.C. § 552a(b)(11), order the following:

1. The parties shall have access to documents contained in the official files of DOI relating to the Decision, including submitted genealogy and tribal or group membership lists, which would be covered by the Privacy Act (hereinafter "privacy documents").

2. The parties shall not use the privacy documents obtained from the official files of DOI, or their contents, for any purpose other than this litigation, including any appeals. No person having access to these documents covered by the Privacy Act shall make public disclosure of them or their contents without further order of this Court.

3. Documents containing private information of individuals, such as names, addresses, age, parentage, marital status and other personal information that is protected from public disclosure by the Privacy Act, shall not be released to the public, unless the individual referenced in the materials agrees to the disclosure in writing prior to the date of disclosure, or by order of this Court. If a party receives a request, made pursuant to any federal or state law, from any person not subject to this Order for access to or copies of any such documents provided to the party pursuant to this Order, the party shall not provide such access or copies but shall refer such request to the Department for consideration under applicable federal law.

4. The documents which are protected from release to the general public by the Privacy Act and which are part of the official files of the Department

JOINT STIPULATION

13-CV-1435-WQH-KSC

2

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

relating to the Decision may be included in the administrative record and thus ultimately disclosed to the Court and to the parties in this matter, by the filing of that record under seal. Similarly, these documents may be disclosed to the Court and to the parties in this litigation as attachments to briefs filed in these Court proceedings and may be utilized in a deposition or for other permissible discovery in this case or in any related administrative proceedings. This Protective Order is not intended to prohibit introduction of these documents at a court hearing, trial or other proceeding in this case or in a related administrative proceeding as allowed under the Federal Rules of Evidence. However, in all circumstances, the protected documents will be filed under seal, unless otherwise ordered by the Court.

    5.    Privacy documents which are subject to this order may be disclosed only to the parties to this litigation, or their affiliates, the attorneys of record for the parties, persons in the employ of such attorneys and expert witnesses retained by the parties having a need for the information in the performance of their duties. Except for the Court and its employees, and the employees of DOI, all individuals having access to these records and all individuals to whom these records or the information therein are disclosed shall be required to sign a copy of the Acknowledgment of Privacy Act Protective Order form attached hereto as Exhibit A, indicating that they have read and agree to abide by the terms of this Order. Each counsel of record will send to the attorney of record for Defendants a list of all such attorneys or members of the firm so designated. Signed acknowledgment forms shall be retained by counsel for Defendants and be available upon request to attorneys of record and the Court.

    6.    All individuals to whom privacy documents or copies which are subject to this Order are disclosed shall return to counsel for the Defendants or destroy any and all documents, copies and the portions of notes containing information from such documents in their possession immediately upon the

JOINT STIPULATION

13-CV-1435-WQH-KSC

3

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

termination of this litigation, including all applicable appeals, or the termination of the related administrative proceedings, whichever occurs later. The obligation to return or destroy shall occur prior to the termination of this litigation when an individual or entity is no longer a party or when an attorney or expert is no longer retained to work on this case, whichever comes earlier. Individuals returning documents under any circumstance shall certify in writing that the documents, copies and notes have been returned or have been destroyed. This obligation includes the return of the DVD that includes privacy documents.

7. Defendants, their officers, agents, employees and representatives are hereby relieved of any obligation under 5 U.S.C. § 552a(c) to make or keep any accounting of any disclosure or, under 5 U.S.C. § 552a(e)(8), to provide notice of any disclosure to any individual, made under the authority of this order.

8. This Order does not constitute a ruling on the question of whether any particular record is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any record, other than objections based on the Privacy Act.

9. This Order applies only to records and documents (in whatever form) provided by DOI in these proceedings and does not apply to records and documents obtained through other means.

10. This order shall survive the termination of this case and is binding for all time without further order of the Court.

11. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and

JOINT STIPULATION

13-CV-1435-WQH-KSC

4

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal. However, with respect to the chambers' rules and Section II.j of the ECF Procedures, the Parties agree, and respectfully request that the Court allow the lodging Administrative Record in non redacted form and with service completed by providing a disc containing .PDF documents that comprise the Record, rather than in paper format, as the Record consists of hundreds of documents and thousands of pages.

12. The Court may modify the protective order in the interests of justice or for public policy reasons.

Dated: December 17, 2013

ROBERT G. DREHER
Acting Assistant Attorney General

*/s/ Reuben S. Schifman*
REUBEN S. SCHIFMAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone (202) 305-4224
Reuben.Schifman@usdoj.gov

OF COUNSEL:

BARBARA COEN
Office of the Solicitor
United States Department of the Interior
1849 C St. NW
Mail-Stop 6513
Washington, DC   20240

JOINT STIPULATION

13-CV-1435-WQH-KSC

5

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

Tel: (202) 208-6060
Fax: (202) 208-4115
Barbara.Coen@sol.doi.gov


Attorney for Plaintiffs:

*/s/ Thor Olav Emblem*[1]
THOR OLAV EMBLEM
205 West 5th Avenue Suite 105
Escondido, CA 92025
Tel: (760)738-9301
Fax: (760)738-9409
Email:Thor@emblemlaw.Com

---

[1] Plaintiffs' counsel has authorized Federal Defendants' counsel to include his signature herein.

JOINT STIPULATION

13-CV-1435-WQH-KSC

6

U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

## ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER

The Parties have so stipulated and agreed to the above, and IT IS HEREBY ORDERED.

Dated: ___Dec. 18___, 2013

_____
KAREN S. CRAWFORD
United States District Court

1

13-CV-1435-WQH-KSC

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-0663